BEFORE THE FIRST DIVISION, OCTOBER 20, 1947

**No. 51971.**—G. J. Kluyskens *v.* United States, petition 6412–R (Baltimore).

OLIVER, Presiding Judge: This is a petition for the remission of additional duties assessed under section 489, Tariff Act of 1930, on an importation of 466 bales of sisal rugs from the Netherlands.

The petition was originally denied in a decision dated April 3, 1946 (reported in 16 Cust. Ct. 251, Abstract 50982), on the ground that the petitioner, when he made entry of the instant merchandise, failed to give to the appraising officer all the information which he possessed as to the dutiable value of the goods covered by the entry (*National Biscuit Co. v. United States*, 20 C. C. P. A. 395, T. D. 46187). Subsequently, and on October 7, 1946, on motion of the petitioner, the decision and judgment heretofore entered were vacated and set aside and a new hearing was ordered by a majority of the court. Thereafter, and on December 12, 1946, further testimony was offered by the petitioner through a new witness, Mr. Schultz, sales manager for the importer. This testimony simply confirmed all points previously made by Mr. Kluyskens, the petitioner. The only substantial new testimony contributed by the witness was a strong commercial and personal character reference for the petitioner.

I have examined this record very carefully and cannot find therein anything to justify a reversal of the position originally taken denying this petition for remission of additional duties. This finding is predicated upon the fact that the petitioner had in his possession information in the form of cablegrams stating, by petitioner's own admission and that of the witness Schultz, that after November 3, 1939 (R. 73), the price for the rugs would be not less than 1.12 florin per square yard and under no circumstances would it be 1 florin, the contract and entered price.

Despite the fact that petitioner may have been of the opinion that this series of cablegrams of November did not affect the dutiable value of merchandise contracted for in July 1939 and exported in November 1939, the fact that he did not disclose to the appraiser the existence of the information therein contained is sufficient to defeat his petition, coupled with the fact that the information in these cablegrams was never voluntarily forthcoming but was produced only after repeated demands by Government agents.

For the reasons set forth above and contained in our previous decision, the petition is denied.

### DISSENTING OPINION

COLE, Judge: The order of court, vacating and setting aside the judgment heretofore entered in this case on April 6, 1946, has been abundantly justified by the testimony taken subsequent thereto. A more considered view of the prior record satisfies me that the petitioner is entitled to relief. I must therefore respectfully dissent from the opposite conclusion reached by the majority.

There is no serious conflict in the testimony introduced in this case. Petitioner, through his customs broker, made the initial entry on the basis of 1 florin per yard, and the very next entry of similar merchandise, made approximately only two weeks later, was at the higher value of 1.12 florins, ultimately determined as being applicable to the entry in question.

It is important to note and to the petitioner's credit that the higher value revealed in the second entry resulted from an uninfluenced, spontaneous, self-dictated decision of the importer.

It is correct that the disclosure of the second entry, at the higher value, caused some correspondence to flow between the customs officials and petitioner in order

to clarify and explain the reason for the two different values. Principally because such correspondence ran the course of two or three exchanges, is there any reason whatsoever for the approval of this petition to be questioned. This exchange of correspondence, which presents not the slightest indication of deception or an attempt to conceal existing facts, is seized upon by respondent's counsel as practically the sole support for his case. It is summed up by him as "a hair-pulling match to get that particular information, piece by piece" (R. 82). In reality it is nothing of the kind.

The correspondence does not justify any such inference or comment. If it did, the character of the witnesses, i. e., the customs broker, who made entry; petitioner, who imported the merchandise; and petitioner's sales manager, as the record fully discloses and as observed by the undersigned who alone presided over most of the hearings in this case, would be, as it is, sufficient to deny any attempt by the Government to brand the conduct of this petitioner as an effort on his part to wilfully undervalue the merchandise in question. All of the witnesses testified to several years' experience in their respective businesses, and each showed a willingness to furnish all information in his possession, to aid the court toward a proper disposition of the present issues. Their appearance on the witness stand was thoroughly contradictory to anything indicative of an attempt to defraud the revenue of the United States, or to deceive the appraiser as to the true value of the merchandise.

The petition should be granted.